IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LONNIE WHITE                                                                    PLAINTIFF

v.                                     Civil No. 1:07-cv-01012

MARK SPENCER; and
JAMES LEE AUSTIN                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Lonnie White (hereinafter White) filed this civil rights action pursuant to 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis*.

Separate Defendant James Lee Austin (hereinafter Austin) filed a motion for judgment on the pleadings.  To assist White in responding to the motion, a questionnaire was propounded (Doc. 11).  White responded to the questionnaire (Doc. 14)(hereinafter *Resp.*).  Austin filed a reply brief (Doc. 15).  The motion is now before me for issuance of this report and recommendation.

### I. Background

According to the allegations of the Complaint, on July 29, 2005,[1] White alleges he was standing outside a store smoking a cigarette when he saw Mark Spencer's car approaching.  White indicates Spencer, an officer with the Parkdale Police Department, jumped out of the car with his Glock in his hand and told his police dog to get White.  White alleges he didn't know what to do, so he ran.

White indicates he was able to hide under a trailer but then Austin, an officer with the Wilmot Police Department, saw White and told him to come out from under a trailer.  White came out the other

---

[1]The complaint does not contain the date of the arrest.  However, White was charged with fleeing as a result of the events leading up to his arrest by the defendants.  A criminal judgment on the fleeing charge indicates the offense date was July 29, 2005.  *See Defendants' Exhibit* A to (Doc. 10).  Additionally, the narrative report prepared by Austin regarding his encounter with White contains the date July 29, 2005.  *See Defendant's Exhibit* A to (Doc. 15).  *See also Resp.* at ¶ 4(A).

side.  White indicates Austin caught him but White then saw Spencer coming so he escaped and jumped a fence.

Spencer eventually apprehended White.  At the time of the arrest, Austin was not present. White alleges he was on his stomach and gave Spencer both his hands.  Despite this, White states Spencer beat him in the head area for about ten minutes.  White also maintains Spencer used mace and shot it in White's eyes and mouth.  White asserts he could hear people telling Spencer to stop.

Finally, White indicates Austin arrived.  White states he asked Austin where he had been. Austin replied that he had been looking for his gun.

White was then placed in Austin's car and transported to jail.  White indicates Austin stopped the car once so White could get some water.  Once they arrived at the jail, White was charged with third degree battery on a police officer and fleeing.  *Complaint* at page 5; *Resp.* at ¶ 2.

White pled no contest to the battery charge.  *Resp.* at ¶ 3.  He entered a plea of guilty to the charge of fleeing and was sentenced to a term of probation of sixty months.  *Defendant's Exhibit* A to (Doc. 10); *Resp.* at ¶ 4(A).  The plea has not been reversed, set aside, or otherwise been held to be invalid.  *Resp.* at ¶ 4(B).

## II.  Applicable Standard

"On a motion for judgment on the pleadings, a court applies the same standard as in a 12(b)(6) motion for failure to state a claim."  *Glover v. Merck & Co., Inc.*, 345 F. Supp. 2d 994, 996 (D. Minn. 2004)(*citing St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D.*, 857 F.2d 1185, 1187 (8th Cir. 1988)).  In considering a motion to dismiss for failure to state a claim, the court must construe the complaint liberally in favor of the plaintiff and accept the allegations of the complaint as true.  *See Hudson v. Norris*, 227 F.3d 1047, 1054 (8th Cir. 2000).

White proceeds *pro se*. The court should not dismiss a *pro se* complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Holloway v. Lockhart*, 792 F.2d 760, 761-62 (8th Cir. 1986)(citations omitted). Nevertheless, in treating the factual allegations of the complaint as true pursuant to Rule 12(b)(6), the court "do[es] not ... blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990)(citations omitted).

Austin has submitted to the court for consideration matters outside the pleadings. *See Exhibit* A to (Doc. 10) and *Exhibit* A to (Doc. 15). When ruling on either a Rule 12(b)(6) motion or a Rule 12(c) motion, the court must generally ignore matters outside the pleadings. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). If the court considers evidence outside the pleadings, it must normally convert the motion into a summary judgment motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003).

However, the court may consider, without converting the motion to a summary judgment motion, exhibits attached to the complaint, materials that are necessarily embraced by the complaint, and materials that are part of the public record. *See Mattes*, 323 F.3d at 698 (in deciding a motion to dismiss, the court may consider exhibits to the complaint and materials embraced by the complaint); *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003)("When deciding a motion to dismiss, a court may consider the complaint and documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.")(citations omitted); *Faibisch v. University of Minnesota*, 304 F.3d 797, 802 (8th Cir. 2002)("When deciding Rule 12(c) motions, however, courts may rely on matters within the public record."); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)(court may consider "some materials that are part of

the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings")(internal quotations and citations omitted).

Exhibit A to the motion for judgment on the pleadings (Doc.10) is the criminal judgment entered in White's criminal case in the Circuit Court of Ashley County, Arkansas, *State of Arkansas v. White*, Cr. No. 2005-137-1, stemming from the fleeing charge. The document is therefore part of the public record. Similarly, Exhibit A to Austin's reply brief (Doc. 15) consists of a copy of the police report prepared by Austin following White's arrest on July 29, 2005, and a copy of the incident report prepared by Spencer that same day. The documents constitute public records and were produced to White in response to his request under the Arkansas Freedom of Information Act.

### III.  Arguments of the Parties

Austin maintains he has been sued in his official capacity only. As Austin did not witness any use of physical force against White and he  has not alleged that a policy or custom of the City of Wilmot was the moving force behind any alleged violation, Austin maintains he is entitled to judgment on the pleadings.

White maintains Austin should be held liable because he allowed Spencer, a Parkdale police officer, to arrest White within the City of Wilmot. *Resp.* at ¶ 5. Specifically, White asserts that Spencer called Austin at Wilmot City Hall and "told him I see Lonnie White [and] I'm going to get him." *Resp.* at ¶ 5. White states the "City of Wilmot had no contract with Parkdale to allow their police to police Wilmot." *Id.*

### IV.  Discussion

To state a claim under section § 1983, White must establish that Austin deprived him of his constitutional rights while acting under color of state law. *See e.g., Adams ex rel. Harris v. Boy Scouts of Am.-Chickasaw Council*, 271 F.3d 769, 777-78 (8th Cir. 2001). "A plaintiff may assert § 1983

claims against a public official in his individual capacity and in his official capacity." *Baker v. Chisom*, No. 06-2838, _____ F.3d _____, 2007 WL 2416362, *1 (8th Cir. Aug. 28, 2007). An individual capacity claim exposes the defendant to personal liability for a damages award. *Id.*

The Court of Appeals for the Eighth Circuit has repeatedly stated that "[i]f the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." *Id.* (internal quotation marks and citation omitted). In this case, the Complaint does not state what capacity White intends to sue Austin in.

In the questionnaire propounded to White, the Court advised White individuals could be sued under § 1983 in their individual capacities, their official capacities, or in both capacities. White was asked whether he intended to sue Austin in his official capacity, individual capacity, or both capacities. White responded: "I didn't know that I could sue in his individual capacity. But the City of Wilmot is responsible for Austin's action in his official capacity." *Resp.* at ¶ 9. Given White's response, I conclude White intends to assert only an official capacity claim against Austin.

"An official capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 153, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)(internal citations omitted)(emphasis in original). "[T]o establish the liability of an official acting in his official capacity, the plaintiff must prove that a policy or custom of the [C]ity caused the alleged violation." *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006)(internal quotation, citations, and alterations omitted). An official policy is a "deliberate choice to follow a course of action made from among various alternatives by an official who is determined by state law to have the final authority to establish governmental policy." *Kuha v. City of Minnetonka*, 365 F.3d 590, 604 (8th Cir. 2003)(internal quotations, citations, and alterations omitted).

White contends his constitutional rights were violated because Austin allowed Spencer, a Parkdale police officer, to apprehend White outside Spencer's territorial jurisdiction and within the City of Wilmot. The Fourth Amendment of the United States Constitution protects against unreasonable searches and seizures. U.S. Const. amend. IV. White makes no argument there were not valid warrants out for his arrest or that Austin lacked the authority to serve the warrants on him and to charge him with battery and fleeing. White does not contend Austin participated in the use of force against him, witnessed it, or had any knowledge Spencer would use excessive force in apprehending White.

The mere fact that Spencer may have been acting outside his territorial jurisdiction does not necessarily equate to a violation of the Fourth Amendment on Austin's part. *See e.g., United States v. Mikulski*, 317 F.3d 1228 (10th Cir. 2003)(warrantless arrest outside an officer's jurisdiction (but within the same state) did not rise to a constitutional violation even though it violated state law in part because the officers were acting between political subdivisions of the same state); *United States v. Bell*, 54 F.3d 502, 504 (8th Cir. 1995)("[W]e do not think Fourth Amendment analysis requires reference to an arrest's legality under state law."); *Abbott v. City of Crocker*, 30 F.3d 994, 998 (8th Cir. 1994)(holding that, as a matter of law, an arrest in violation of state law does not necessarily constitute a violation of the Fourth Amendment). Nor is it clear that the arrest itself was in violation of Arkansas state law since Austin was present during some portion of the foot pursuit of White, served White with the warrants, transported him to jail, and charged him with battery and fleeing arrest. *See Exhibit A* to (Doc. 15); *Logan v. State*, 264 Ark. 920, 576 S. W. 2d 203 (1979)("presence of an officer with full authority to make an arrest legitimizes an arrest.").

More importantly, White's allegation that Austin on a single occasion allowed an officer from another jurisdiction to come in and arrest an individual within the City of Wilmot clearly falls far short of suggesting the existence of a custom or policy on the part of the City of Wilmot. *See e.g., City of*

*Oklahoma v. Tuttle*, 471 U.S. 808, 823-24, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985)("Proof of a single incident of unconstitutional activity is not sufficient to impose liability . . . unless proof of the incident includes proof that it was caused by an existing, unconstitutional policy, which policy can be attributed to a municipal policymaker.").  White does not allege the City of Wilmot has allowed this to occur on other occasions.  There are simply no facts alleged from which an inference can be drawn that an unconstitutional policy or custom exists.  *See Doe ex rel. Doe v. School Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

## V.  Conclusion

I therefore recommend that the motion for judgment on the pleadings (Doc. 10) filed by Separate Defendant James Lee Austin be granted.

**The parties have ten days from receipt of this report and recommendations to file objections to the same pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of September 2007.


/s/ Barry A. Bryant
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE