IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LONNIE WHITE                                                                                          PLAINTIFF

v.                                             Civil No. 1:07-cv-01012

MARK SPENCER                                                                        DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Lonnie White (hereinafter White) filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

Defendant Mark Spencer (hereinafter Spencer) filed a motion to dismiss (Doc. 26). To assist White in responding to the motion, a questionnaire was propounded (Doc. 30). White responded to the questionnaire (Doc. 31)(hereinafter *Resp.*). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

**I. Background**

Mark Spencer, then an officer with the Parkdale Police Department, was aware of the fact that White had eight outstanding felony warrants and had been provided a copy of a probation pick-up order on White (Doc. 26). Spencer was traveling North on Highway 165 coming from South of Wilmot in his black unmarked patrol unit when he saw White standing outside a store in Wilmot. *Resp.* at ¶ 2. Spencer picked up his radio and called for James Lee Austin, an officer with the Wilmot Police Department. (Doc. 26); *Complaint.*

Spencer turned his patrol unit around. *Resp.* at ¶ 5. During this time, White asserts he was not running from Spencer. *Id.* According to Spencer, White ran behind the Store. (Doc. 26).

Spencer asserts he yelled "police, stop." (Doc. 26).  Spencer contends he yelled that if White didn't stop he would release his dog.  *Id.*  However, Spencer maintains he did not have his dog with him or in the patrol unit.  *Id.*  In contrast, White maintains Spencer did have his dog with him and that he was running from the dog.  *Resp.* at ¶ 8.

White alleges he was able to hide under a trailer but then officer Austin saw White and told him to come out from under a trailer.  *Complaint*.  White came out the other side.  *Id.*  White indicates Austin caught him but White then saw Spencer coming so he escaped and jumped a fence.  *Id.*

Austin told Spencer to go to White's Aunt's house and see if White had made it there.  (Doc. 26).  Spencer went to the house and asked for consent to search.  *Id.*  Consent was given but White was not there.  *Id.*

Spencer returned to his patrol unit and drove up the street to where Austin's patrol unit was.  *Resp.* at ¶ 12.  Spencer saw Austin holding White over a fence in a struggle.  *Id.*  Austin asked for assistance and said he had lost his weapon.  (Doc. 26).

Spencer ran to assist Austin.  *Resp.* at ¶ 14.  According to Spencer, White broke loose from Austin and ran.  (Doc. 26).  Spencer pursued and caught White attempting to cross a fence.  *Id.*  White attempted to kick Spencer and he sprayed White with pepper spray in the face and tackled him.  *Id.*  White kept fighting and hit Spencer in the groin area with his knee.  *Id.*  At this point, Spencer states he hit White and managed to get him handcuffed and picked him up from the ground and escorted hm to the patrol unit.  *Id.*  Austin then arrived and placed White in the rear of his patrol unit.  *Id.*

According to White, Spencer tackled him from behind and cuffed him with his hands behind his back while he was laying on his stomach. *Resp.* at ¶ 15. White maintains he was already detained and cuffed when Spencer used the pepper spray. *Id.* at ¶ 16. White asserts there is no way he could have kept fighting once he was cuffed. *Id.* at ¶ 17.

Spencer went to the Chicot Memorial Hospital for treatment and it was confirmed his left hand was broken below his pinky finger. (Doc. 26). His hand was put in a cast and he was released. *Id.* The Ashley County Sheriff's Office (ACSO) investigated the incident and found all actions were according to state law and no unnecessary force was used. *Id.*

Once they arrived at the jail, White was charged with third degree battery on a police officer and fleeing. *Complaint* at page 5; *Resp.* at ¶ 21. White pled no contest to the battery charge. *Resp.* at ¶ 3. He entered a plea of guilty to the charge of fleeing and was sentenced to a term of probation of sixty months. *Exhibit* A to (Doc. 10); He was ordered to pay restitution to the ASCO for Mark Spencer in the amount of $500. The plea has not been reversed, set aside, or otherwise been held to be invalid. *Resp.* at ¶ 21(B) & (Doc. 14 at ¶ 4(B)).

## II.  Applicable Standard

In considering a motion to dismiss for failure to state a claim, the court must construe the complaint liberally in favor of the plaintiff and accept the allegations of the complaint as true. *See Hudson v. Norris*, 227 F.3d 1047, 1054 (8th Cir. 2000). White proceeds *pro se*. The court should not dismiss a *pro se* complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Holloway v. Lockhart*, 792 F.2d 760, 761-62 (8th Cir. 1986)(citations omitted). Nevertheless, in treating the factual allegations of the complaint as true pursuant to Rule 12(b)(6), the court "do[es] not ... blindly accept the legal

conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990)(citations omitted).

When ruling on a Rule 12(b)(6) motion, the court must generally ignore matters outside the pleadings. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). If the court considers evidence outside the pleadings, it must normally convert the motion into a summary judgment motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003). However, the court may consider, without converting the motion to a summary judgment motion, exhibits attached to the complaint, materials that are necessarily embraced by the complaint, and materials that are part of the public record. *See Mattes*, 323 F.3d at 698 (in deciding a motion to dismiss, the court may consider exhibits to the complaint and materials embraced by the complaint); *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003)("When deciding a motion to dismiss, a court may consider the complaint and documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.")(citations omitted);*Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)(court may consider "some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings")(internal quotations and citations omitted).

Exhibit A to (Doc.10) is the criminal judgment entered in White's criminal case in the Circuit Court of Ashley County, Arkansas, *State of Arkansas v. White*, Cr. No. 2005-137-1, stemming from the battery and fleeing charges. The document is therefore part of the public record. Similarly, Exhibit A to (Doc. 15) consists of a copy of the police report prepared by Austin following White's arrest on July 29, 2005, and a copy of the incident report prepared by Spencer that same day. The

documents constitute public records and were produced to White in response to his request under the Arkansas Freedom of Information Act.

### III.  Discussion

To state a claim under section § 1983, White must establish that Spencer deprived him of his constitutional rights while acting under color of state law. *See e.g., Adams ex rel. Harris v. Boy Scouts of Am.-Chickasaw Council*, 271 F.3d 769, 777-78 (8th Cir. 2001). In this case, White maintains Spencer violated his constitutional rights in two ways. First, he maintains Spencer acted outside his jurisdictional limits in apprehending White in Wilmot. Second, White maintains Spencer used excessive force against him. I will address each claim in turn.

*Jurisdictional Authority to Arrest*

The Fourth Amendment of the United States Constitution protects against unreasonable searches and seizures. *See* U.S. Const. Amend. IV. White makes no argument there were not valid warrants out for his arrest. The arrest report indicates the warrants were served by Austin at the ACSO. *Exhibit* A to (Doc. 15). White was booked at the ACSO and charged with, among other things, felony fleeing arrest and felony battery on a police officer. *Id.*

The mere fact that Spencer may have been acting outside his territorial jurisdiction does not equate to a violation of the Fourth Amendment on his part. *See e.g., United States v. Mikulski*, 317 F.3d 1228 (10th Cir. 2003)(warrantless arrest outside an officer's jurisdiction (but within the same state) did not rise to a constitutional violation even though it may have it violated state law in part because the officers were acting between political subdivisions of the same state); *United States v. Bell*, 54 F.3d 502, 504 (8th Cir. 1995)("[W]e do not think Fourth Amendment analysis requires reference to an arrest's legality under state law."); *Abbott v. City of Crocker*, 30 F.3d 994, 998 (8th

Cir. 1994)(holding that, as a matter of law, an arrest in violation of state law does not necessarily constitute a violation of the Fourth Amendment).  Nor is there anything to suggest the arrest itself was in violation of Arkansas state law.  Austin requested Spencer's assistance, was present during some portion of the foot pursuit of White, served White with the warrants, transported him to jail, and charged him with battery and fleeing arrest.  *See Exhibit A* to (Doc. 15).  *See also Perry v. State*, 303 Ark. 100, 794 S.W. 2d 141 (1990)(local police officers are authorized to act outside their territorial jurisdiction when another local law enforcement agency requests that the outside officer come within local jurisdiction); *Logan v. State*, 264 Ark. 920, 576 S. W. 2d 203 (1979)("presence of an officer with full authority to make an arrest legitimizes an arrest."); Ark. Code Ann. § 16-81-106(c)(1)("A certified law enforcement officer who is outside his or her jurisdiction may arrest without a warrant a person who commits an offense within the officer's presence or view if the offense is a felony or a misdemeanor.").  No Fourth Amendment claim has been stated on the facts of this case.

### *Excessive Force Claim*

Here, White contends Spencer used excessive force against him during the course of his arrest. Excessive force claims brought by arrestees are "analyzed under the reasonableness standard of the Fourth Amendment." *Winters v. Adams*, 254 F.3d 758, 764 (8th Cir. 2001)(citation omitted). *See also, Henderson v. Munn*, 439 F.3d 497, 502 (8th Cir. 2006).  "Police officers are liable for the use of excessive force when they use force that is not objectively reasonable in light of the facts and circumstances confronting them." *Goff v. Bise*, 173 F.3d 1068, 1073 (8th Cir. 1999)(citations omitted).

In this case, the criminal judgment establishes White was convicted of fleeing and battery. *Exhibit* A to (Doc. 10). In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. Courts have held that *Heck* bars excessive force claims brought by individuals who had been convicted of battery arising out of a physical altercation with police officers. *See e.g., Hudson v. Hughes*, 98 F.3d 868 (5th Cir. 1996)(*Heck* barred excessive force claim where plaintiff had been convicted of battery when self-defense was a justification defense to the crime of battery of an officer. Under the defense, the criminal defendant must show his use of force was reasonable and necessary. If § 1983 plaintiff successfully proved his claim of excessive force, it would necessarily demonstrate his justification for battery of an officer and undermine his conviction). *See also Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir. 2000)(an excessive force claim under § 1983 is barred as a matter of law if brought by an individual convicted of aggravated assault related to the same events). In this case, Spencer was the victim of the battery and in the criminal judgment White was ordered to pay restitution to the ACSO on Spencer's behalf. *Exhibit* A to (Doc. 10). Clearly, *Heck* bars the excessive force claim unless the criminal conviction has been reversed, set aside, or otherwise been held invalid. It has not. White's excessive force claim is therefore barred by *Heck*.

## IV. Conclusion

I therefore recommend that the motion to dismiss (Doc. 26) filed by Defendant Mark Spencer be granted.

**The parties have ten days from receipt of this report and recommendations to file objections to the same pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of July 2008.

           /s/ Barry A. Bryant  
           HON. BARRY A. BRYANT  
           UNITED STATES MAGISTRATE JUDGE